UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CHRISTOPHER CHANDLER,**

    **Plaintiff,**

**v.**                                                  **CASE NO. _____**

**WALTON COUNTY SHERIFF
MICHAEL A. ADKINSON, Jr., in his
official capacity,**

    **Defendant.**

_____/

## **DEFENDANT'S PETITION FOR REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA, PENSACOLA DIVISION:

**COMES NOW**, Defendant, Michael A. Adkinson, Jr., in his official capacity as Sheriff of Walton County, Florida ("Sheriff"), and individually, by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, respectfully petition this Court to assume jurisdiction in the above-captioned matter, and in support thereof state:

1.    Plaintiff, Christopher Chandler, filed a civil action in the Circuit Court of the First Judicial Circuit, in and for Walton County, Florida, as styled above (a copy of Plaintiff's Initial Complaint and all other state court filings are attached as

exhibits hereto), on or about February 19, 2021. Plaintiff served the Sheriff in his official capacity with the Initial Complaint on March 1, 2021.

2. Plaintiff's Complaint alleges interference and retaliation claims in violation of the Family and Medical Leave Act, which is under 29 U.S.C. § 2601 *et seq*. Accordingly, this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 in that Plaintiff has asserted claims under the laws of the United States.

3. Thus, this action may be removed to this Court by the Sheriff pursuant to the provisions of 28 U.S.C. § 1441(c).

4. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claim as both his state and federal claims form part of the same case or controversy under Article III of the United States Constitution.

5. Pursuant to 28 U.S.C. § 1446(b), the Sheriff has timely filed this Petition for Removal.

6. Pursuant to 28 U.S.C. § 1446(d), and the local rules of this District Court, a true and complete copy of this Petition for Removal has been submitted for filing with the Clerk of the Circuit Court of the First Judicial Circuit in and for Walton County, Florida.

7.     Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), the Sheriff will file his responsive pleading to Plaintiff's Complaint within seven (7) days from the filing of the Notice of Removal.

WHEREFORE, the Sheriff prays that this Petition for Removal be deemed good and sufficient, and that Plaintiff's Complaint be removed from the Circuit Court of the First Judicial Circuit in and for Walton County, into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action and proceed as if it had been originally commenced in this Court.

Respectfully submitted on this 22nd day of March 2021.

/s/ Avery D. McKnight
Jason E. Vail
Florida Bar No. 014031
jvail@anblaw.com
Avery D. McKnight
Florida Bar. No. 0974633
amcknight@anblaw.com
ALLEN NORTON & BLUE, P.A.
906 North Monroe Street
Tallahassee, Florida 32303
(850) 561-3503 (Telephone)
(850) 561-0332 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by the Court's electronic filing system this 22nd day of March 2021 to Marie A. Mattox, Esquire (marie@mattoxlaw.com), MARIE A. MATTOX, P.A., 203 North Gadsden Road, Tallahassee, Florida 32301.

/s/ Avery D. McKnight
Attorney

3-1-21
1:30 Pm
W-896/3

Filing # 121752228 E-Filed 02/19/2021 05:26:57 PM
Filing # 121679722 E-Filed 02/18/2021 11:26:11 PM

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR WALTON COUNTY, FLORIDA

CHRISTOPHER CHANDLER,
FLA BAR NO.:0739685
Plaintiff,

CASE NO.: 21CA59

v.

WALTON COUNTY SHERIFF
MICHAEL A. ADKINSON, Jr., in his
official capacity,

**SUMMONS**

Defendant.
_____/

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

MICHAEL A. ADKINSON, Sheriff,
WALTON COUNTY, FLORIDA
752 TRIPLE G ROAD
DEFUNIAK SPRINGS, FLORIDA 32433

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____, 2021.

CLERK OF THE CIRCUIT COURT

By: _____Sharah C Tidwell_____
eSigned by SHARAH TIDWELL in 21000059CAAXMX
on 02/19/2021 16:04:41 b6ZyQe5K

Electronically Filed Walton Case # 21000059CAAXMX 02/18/2021 10:26:11 PM

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR WALTON COUNTY, FLORIDA

**CHRISTOPHER CHANDLER,**

    **Plaintiff,**

v.

**WALTON COUNTY SHERIFF
MICHAEL A. ADKINSON, Jr., in his
official capacity,**

    **Defendant.**

_____/

**CASE NO.: 21-CA-
FLA BAR NO.:0739685**

## COMPLAINT

Plaintiff, CHRISTOPHER CHANDLER, hereby sues Defendant, WALTON COUNTY SHERIFF MICHAEL A. ADKINSON, Jr., in his official capacity, and alleges:

## NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes.

2. This is an action involving claims which are, valued individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

## PARTIES

3. At all times pertinent hereto, Plaintiff, CHRISTOPHER CHANDLER, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of his disability or perceived disability and/or record of impairment and was subject to retaliation following his reporting of Defendant's discriminatory treatment. Moreover, Plaintiff was subjected to retaliation following his use of leave protected under the FMLA.

4. At all times pertinent hereto, Defendant, WALTON COUNTY SHERIFF MICHAEL A. ADKINSON, Jr., in his official capacity, representing the Walton County Sheriff's Office and Walton County Fire Rescue, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6. Walton County Fire Rescue is organized as a full-service fire rescue agency under the control and supervision of the Defendant.

7. Plaintiff began his employment with Defendant working with Walton County Fire Rescue on September 7, 2007, and held the position of Firefighter Paramedic at the time of his wrongful termination on October 26, 2018. At the time of Plaintiff's hire, Walton County Fire Rescue was under the control of the Walton County Board of County Commissioners, but it is now controlled by Defendant.

8. Despite Plaintiff's stellar work performance during his employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his actual or perceived disability and/or record of impairment and was the victim of retaliation following his reporting of Defendant's discriminatory treatment. Moreover, Plaintiff was the victim of retaliation following his use of leave protected and authorized under the Family and Medical Leave Act ("FMLA").

2

9. The mistreatment and retaliation came at the hands of specifically, but not limited to District Chief Brad Newsome, District Chief Tim Turner, Chief Russell Beaty, Battalion Chief James McMillian, District Chief David Hatfield, and Chief Tracey Vause, all white males.

10. Plaintiff suffers from a serious medical condition of which Defendant is aware.

11. On April 25, 2018, Plaintiff took medical leave protected and authorized under the FMLA.

12. While out on FMLA protected leave, Plaintiff was harassed regarding his continued employment with Defendant by numerous members of Defendant's staff. Specifically, employee Bill Blevins ("Blevins") and other co-workers were sent to Plaintiff's home to inquire about his return, despite Plaintiff being on protected FMLA leave.

13. Thereafter, Plaintiff reported this harassment to Chief Tim Turner ("Turner") via email and phone call.

14. Upon his return to work on June 30, 2018, Defendant, through Turner, relocated Plaintiff to a less desirable station, specifically station 4. Station 4 is known amongst Defendant's staff as the station where employees are sent as punishment or for those inexperienced workers, as it was the station where employees run calls throughout the night.

15. Turner took no action to stop the harassment and contributed to the harassment through the station reassignment.

16. Defendant reasoned that Plaintiff's shift change was because Plaintiff needed more patient contacts. As Station 4's employees run calls throughout the night, it is one of the busiest stations in the country, resulting in more patient contacts. However, during Plaintiff's employment, he had written over 1300 reports with thousands of patient contacts. In comparison, one of the

3

chiefs had only written 80 reports in 12 years. As such, Plaintiff knew Defendant's reasoning of more patient contacts to be false.

17. Moreover, Plaintiff's former position at Station 8 was filled by part time employees and overtime slots.

18. Chief David Hatfield ("Hatfield") told Plaintiff that District Chiefs Turner and Brad Newsome ("Newsome") were in fact retaliating against Plaintiff for taking leave under the FMLA. Thereafter, Plaintiff confronted District Chiefs Turner and Newsome, who both denied any retaliatory conduct.

19. Plaintiff requested to be transferred to another station, which Chief Hatfield agreed to. However, Chief Hatfield later contended that District Chiefs Turner and Newsome would not allow this, even though neither District Chief was a supervisor over Plaintiff's shift. Rather, Plaintiff's supervisor was Chief Hatfield himself and upon information and belief, Chief Hatfield should have had sole responsibility in approving Plaintiff's shift changes.

20. Thereafter, Plaintiff reported to Chief Russell Beaty ("Beaty") that he was the victim of retaliation for taking FMLA leave and because of his medical condition. A meeting was held in September 2018 between Beaty, Newsome, and Hatfield with no corrective action taken. Hatfield confronted Newsome regarding Plaintiff's FMLA report.

21. Soon thereafter, Defendant notified Plaintiff that he would be terminated on October 11, 2018, which Plaintiff appealed on the basis of discriminatory and retaliatory treatment. Nevertheless, Defendant placed Plaintiff on administrative leave.

22. Thereafter, Plaintiff attended a predetermination conference on October 16, 2018, where he reported to Major Clark the ongoing disability discrimination and retaliation. Following this predetermination conference, Major Clark announced his plan to demote Plaintiff.

23. On October 24, 2018, Bill Blevins contacted Plaintiff and attempted once again to come to Plaintiff's home off-duty. Following harassing phone calls by Blevins, on October 26, 2018, Defendant wrongfully terminated Plaintiff under contrived false allegations of insubordination, conduct unbecoming a public employee, and failure to adequately report to duty in violation of Defendant's General Order 2-8.

24. Similarly situated non-disabled employees who were not subjected to the same disparate treatment as Plaintiff include but are not limited to Lieutenant Chad Hopper ("Hopper") and Sarah Earley ("Earley").

25. Specifically, an example of Hopper receiving more favorable treatment than Plaintiff includes, but is not limited to, an occasion where Hopper slapped another male subordinate's buttocks in front of other firefighters and ordered the subordinate to pick up trash that Hopper himself threw down on the ground. This harassment was reported in writing to Defendant's Supervisors. However, Hopper faced no reprimands and is still currently employed.

26. Examples of Earley receiving more favorable treatment than Plaintiff includes, but are not limited to, Earley receiving a promotion despite reported infractions and such reported infractions, including those reported by Plaintiff and Lieutenant Jasper Carter, being resolved internally, as opposed to the proper channels, under the direction of Chief Beaty.

27. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the

laws cited above.

## COUNT I
## DISABILITY/PERCEIVED DISABILITY-BASED DISCRIMINATION

28. Paragraphs 1 through 27 are re-alleged and incorporated herein by reference.

29. This count sets forth a claim for disability/perceived disability-based discrimination.

30. Plaintiff has been the victim of discrimination on the basis of her actual and/or perceived disability. During the course of Plaintiff's employment by Defendant, she was treated differently than similarly situated employees who did not have an actual or perceived disability.

31. Defendant is liable for the differential treatment, failure to accommodate Plaintiff, and the failure to engage in the interactive process with Plaintiff due to his actual and/or perceived disability, which adversely affected the terms and conditions of Plaintiff's employment with Defendant.

32. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

33. In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were disability/perceived disability-based and in violation of the laws set forth herein.

34. The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

35. Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon disability/perceived disability.

36. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and likely will continue into the future. Plaintiff is entitled to injunctive relief under this count.

## COUNT II
## RETALIATION

37. Paragraphs 1 through 27 are realleged and incorporated herein by reference.

38. Defendant is an employer as that term is used under the applicable statutes referenced above.

39. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting him under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

40. The foregoing unlawful actions by Defendant were purposeful.

41. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above.

42. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

43.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

44.     Paragraphs 1 through 27 are re-alleged and are incorporated herein by reference.

45.     This is an action against Defendant for harassing Plaintiff due to using leave time, and for terminating Plaintiff for taking time off that was authorized by and protected under the FMLA. This is thus both an interference and retaliation claim.

46.     After requesting and trying to take leave for serious health conditions, Defendant harassed Plaintiff and took adverse personnel actions against him.

47.     Plaintiff was denied rights and benefits conferred by the FMLA and was constructively terminated after requesting but being denied protected leave.

48.     Defendant's violations of the FMLA were willful.

49.     As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of employment, as well as the security and peace of mind it provided. Plaintiff has incurred damages for lost wages, and other damages attendant with the loss of his job. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiff is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest and damages where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

9

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 18th day of February 2021.

>Respectfully submitted,
>
>/s/ Marie A. Mattox
>Marie A. Mattox [FBN 0739685]
>MARIE A. MATTOX, P. A.
>203 North Gadsden Street
>Tallahassee, FL 32301
>Telephone: (850) 383-4800
>Facsimile: (850) 383-4801
>marie@mattoxlaw.com
>Secondary emails:
>michelle2@mattoxlaw.com
>marlene@mattoxlaw.com
>ATTORNEYS FOR PLAINTIFF